# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBERG, WILLIAM BON, and JASON PETTY on behalf of themselves and all others similarly situated, | : : : : : : : : : : | |
| Plaintiffs, | : : | Case No.: |
| v. | : : | |
| APPLE INC., | : : | |
| Defendant. | : | |

## BRIEF IN SUPPORT OF PLAINTIFFS' (1) MOTION TO TRANSFER THE INSTANT MOTION TO QUASH TO THE ISSUING COURT AND (2) MOTION TO QUASH A NONPARTY SUBPOENA OR IN THE ALTERNATIVE FOR ENTRY OF A PROTECTIVE ORDER

RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

STEPHEN G. LARSON, State Bar No. 145225
slarson@larsonobrienlaw.com
ROBERT C. O'BRIEN, State Bar No. 154372
robrien@larsonobrienlaw.com
**LARSON O'BRIEN LLP**
555 S Flower St #4400
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

*Attorneys for Plaintiffs and the Proposed Class*
*[LIST OF ADDITIONAL COUNSEL ON SIGNATURE PAGE]*

**TABLE OF CONTENTS**

I. State of the Nature and State of Proceedings ................................................................... 1

II. Introduction and Summary of Argument ......................................................................... 1

III. Statement of Facts ............................................................................................................ 1

IV. Argument ......................................................................................................................... 3

    A. The Court Should Quash the Subpoena Because Discovery of Absent Class Members Is Generally Prohibited ........................................................................ 3

    B. The Court Should Quash the Subpoena Because It Imposes Undue Burden on Mr. Bai .......................................................................................................................... 6

    C. Alternatively, the Court Should Quash the Subpoena or Grant a Protective Order To Limit Discovery from Mr. Bai Because the Subpoena Requests Disclosure of Privileged Documents and Mr. Bai Has Agreed to Produce Non-Privileged Documents ............................................................................................................ 7

    D. The Court Should Transfer the Instant Motion to the Northern District of California ............................................................................................................... 9

V. Conclusion ........................................................................................................................ 9

# TABLE OF AUTHORITIES

*Cases*

*Audio MPEG, Inc. v. HP Inc.*,
  No. 16-MC-80271-HRL, 2017 WL 950847 (N.D. Cal. Mar. 10, 2017) ...................................... 6

*Baldwin & Flynn v. Natl. Safety Associates*,
  149 F.R.D. 598 (N.D. Cal. 1993) ................................................................................................. 5

*Clark v. Universal Builders, Inc.*,
  501 F.2d 324 (7th Cir. 1974) ................................................................................................... 4, 5

*Dart Indus. Co. v. Westwood Chem. Co.*,
  649 F.2d 646 (9th Cir.1980) ........................................................................................................ 6

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .................................................................................................................... 3

*In re Carbon Dioxide Indus. Antitrust Litig.*,
  155 F.R.D. 209 (M.D. Fla. 1993) ........................................................................................ 3, 4, 6

*In re Modafinil Antitrust Litig.*,
  837 F.3d 238 (3d Cir. 2016) ........................................................................................................ 4

*In re Publication Paper Antitrust Litig.*,
  No. 04-md-1631, 2005 WL 1629633 (D. Conn. July 5, 2005) .................................................... 5

*In re Worlds of Wonder Sec. Litig.*,
  No. 87-cv-5491, 1992 WL 330411 (N.D. Cal. Jul. 9, 1992) ....................................................... 4

*Kline v. First W. Govt.*,
  No. 83-cv-1076, 1996 WL 122717 (E.D. Pa. Mar. 11, 1996) ................................................. 3, 5

*Levinson v. Westport Natl. Bank*,
  No. 09-cv-269, 2011 WL 13237887 (D. Conn. May 10, 2011) ............................................. 4, 5

*McCarthy v. Paine Webber Group, Inc.*,
  164 F.R.D. 309 (D. Conn. 1995) ................................................................................................. 3

*Normande v. Grippo*,
  No. 01-7441, 2002 WL 59427 (S.D.N.Y. Jan. 16, 2002) ........................................................... 8

*Northeast Women's Ctr., Inc. v. Mc Monagle*,
  Civ. A. No. 85–4845, 1987 WL 6665 (E.D. Pa. Feb.10, 1987) .................................................. 6

*On the H. Syndication, Inc. v. Federal Express Corp.*,
  203 F.R.D. 452 (S.D. Cal. 2001) ............................................................................................... 4, 6

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ...................................................................................................................... 3

*Rules*

Fed. R. Civ. P. 26(c)(1) ........................................................................................................................ 3, 7

Fed. R. Civ. P. 45 ............................................................................................................................ *passim*

Fed. R. Civ. P. 45(c)(3)(A)(iii) ............................................................................................................ 3, 7

Fed. R. Civ. P. 45 (c)(3)(A)(iv) ............................................................................................................... 4

Fed. R. Civ. P. 45(d)(1) ........................................................................................................................... 8

Fed. R. Civ. P. 45(d)(3)(A)(iv) ........................................................................................................... 3, 6

Fed. R. Civ. P. 45(f) ................................................................................................................................ 9

I.   **State of the Nature and State of Proceedings**

Plaintiffs Thomas Davidson, Todd Cleary, Eric Siegal, Michael Pajaro, John Borzymowski, Brooke Corbett, Taylor Brown, Justin Bauer, Heirloom Estate Services, Inc., Kathleen Baker, Matt Muilenburg, William Bon, Jason Petty and non-party Jun Bai move to quash a subpoena served on Mr. Bai that seeks (1) to depose him on January 26, 2018 and (2) production of documents in response to fifteen (15) broad demands.  *See* Exhibit A (Subpoena). The subpoena was served by Apple Inc., the defendant in the underlying action *Davidson et al., v. Apple Inc.*, No. 5:16-4942 (N.D. Cal.) (the "Action").

II.   **Introduction and Summary of Argument**

Plaintiffs and Mr. Bai respectfully request that the Court quash Apple's subpoena for several reasons.  *First*, discovery of class members is generally prohibited.  *Second*, the subpoena poses an undue burden on Mr. Bai.  *Third*, the subpoena seeks privileged documents and documents already within Apple's possession.  Finally, Mr. Bai has offered to produce documents in response to a more limited subpoena (that does not seek privileged documents or documents already within Apple's possession) *and* to answer interrogatories in lieu of a deposition, but Apple has refused to withdraw the subpoena.  It is evident that the subpoena was not served in good faith and that Apple seeks Mr. Bai's deposition and the production of broad categories of documents only to harass and intimidate a putative class member.  Accordingly, Plaintiffs and Mr. Bai respectfully request that the Court quash the subpoena, or in the alternative, enter a Protective Order limiting discovery from Mr. Bai.

III.   **Statement of Facts**

The Action pertains to Apple's design, manufacture, and sale of iPhones with external casing that is defective and bends and flexes, causing the touchscreen of the phone to cease

functioning. *See* Exhibit B (Fourth Amended Complaint). The Action alleges breaches of various state consumer protection statutes, breaches of warranty, unjust enrichment, among other claims. *Id.* On January 5, 2018, Apple served a subpoena on Jun Bai, a non-party to the Action. *Id.* at Ex. A. Mr. Bai was originally a named plaintiff in the Action, but was removed from the Action when Plaintiffs filed their First Amended Complaint. *See Davidson v. Apple*, No. 5:16-cv-4942 (N.D. Cal.), ECF Nos. 1, 20. Mr. Bai is now a non-party class member.[1]

The subpoena also contains fifteen (15) categories of document demands, all of which encompass "all documents" in Mr. Bai's "possession, custody, or control, regardless of the location of the document" and includes "electronically stored information" such as "e-mail accounts, portable storage media, and cloud storage services." *Id*. at 2-5.

Counsel for Mr. Bai and counsel for Apple met and conferred telephonically about the overbroad subpoena and Mr. Bai's busy work schedule during this time of the year. The sole reason Apple provided for seeking Mr. Bai's deposition was that Mr. Bai's "experience" was allegedly somehow relevant to the experience of the class. Following that meet and confer, counsel for Mr. Bai informed Apple that Mr. Bai was unavailable to be deposed because of his busy work schedule but would make the time to produce certain documents and would also answer interrogatories if Apple would withdraw the current subpoena. Counsel for Apple did not

---

[1] The current class is defined as follows:
> Any person residing in Colorado, Florida, Illinois, Washington, or Texas who purchased an Apple iPhone 6 or iPhone 6 Plus from Apple or an Apple Authorized Service Provider (listed on https://locate.apple.com/) that was manufactured without underfill under the U2402 integrated circuit chip. Excluded from the Class are governmental entities, Apple and its affiliates, subsidiaries, employees, current and former officers, director, agents, representatives, and members of this Court and its staff.

*See Davidson v. Apple*, No. 5:16-CV-04942 (N.D. Cal.), ECF No. 174 (Memorandum of Law in Support of Class Certification Motion), p. 3.

respond to that proposal, stating only that it would agree to depose Mr. Bai near his home or work and on a weekend and limit the deposition to 2-3 hours. Aside from providing its vague justification for Mr. Bai's deposition, Apple remains silent, refusing to even engage in a discussion regarding a compromise. Thus, Plaintiffs and Mr. Bai are at a loss as to why this deposition and document production is necessary and/or relevant to Plaintiffs' claims.

## IV. Argument

It is well established that "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). To that end, the power to quash a subpoena or enter a protective order protecting a party from undue burden or expense lies with the court. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) (granting courts power to quash a subpoena that subjects a person to undue burden); Fed. R. Civ. P. 45(c)(3)(A)(iii) (granting courts power to quash a subpoena that requires "disclosure of privileged … matter, if no exception or waiver applies."); Fed. R. Civ. P. 26(c)(1) (granting courts power to enter a protective order to limit discovery). The Court should invoke its powers in this case and quash the subpoena, or in the alternative, enter a Protective Order limiting discovery from Mr. Bai for the reasons set forth below.

### A. The Court Should Quash the Subpoena Because Discovery of Absent Class Members Is Generally Prohibited

Discovery of absent class members is generally prohibited. *Kline v. First W. Govt.*, No. 83-cv-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) ("[U]pon survey of the cases, it is safe to state that discovery of absent class members is disfavored.").[2] This principle applies to

---

[2] *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (noting that the burdens of discovery "are rarely imposed upon plaintiff class members"); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211-12 (M.D. Fla. 1993) ("The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the

3

Mr. Bai notwithstanding the fact that he was initially put forward as a proposed class representative. *See In re Carbon Dioxide*, 155 F.R.D. at 211-12 ("By virtue of not being chosen as class representatives, these Plaintiffs remain as passive class members, on equal footing with all other non-representative class members. The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the issue of liability.").

As a result, while the party seeking to quash a subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv) ordinarily bears the burden of establishing good cause, "'the burden of showing good cause is *shifted* where one party seeks discovery from absent class members.'" *Levinson v. Westport Natl. Bank*, No. 09-cv-269, 2011 WL 13237887, at *1 (D. Conn. May 10, 2011) (quoting *In re Worlds of Wonder Sec. Litig.*, No. 87-cv-5491, 1992 WL 330411, at *2 (N.D. Cal. Jul. 9, 1992)) (emphasis added); *see also In re Modafinil Antitrust Litig.*, 837 F.3d 238, 257 (3d Cir. 2016) (noting "defendants . . . have to show a greater need for discovery from unnamed plaintiffs in a class action") (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974) (placing the burden on defendants to show the need for discovery from unnamed class members to ensure that the discovery is not requested "as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants")).

Thus, a defendant seeking discovery from an absent class members bears a heightened burden of establishing that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the

---

issue of liability."); *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims."); *On the H. Syndication, Inc. v. Federal Express Corp.,* 203 F.R.D. 452, 453 (S.D. Cal. 2001) ("[D]iscovery of absent class members is ordinarily not permitted in class actions.") (citations omitted).

discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. *Kline*, 1996 WL 122717, at *3 (citing *Clark,* 501 F.2d at 340-42). Where the defendant is seeking to depose an absent class member, rather than take written or documentary discovery, that burden is particularly "severe." *Clark,* 501 F.2d at 341 ("[I]n light of the nature of the deposition process . . . the burden confronting the party seeking deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories.").

Apple cannot carry this burden here. First, it is blatantly clear that Apple is seeking to harass Mr. Bai simply because he was once a proposed class representative (Apple has not subpoenaed any other of the millions of persons who purchased iPhone 6 or iPhone 6 Plus devices). Further, any information Apple would gain from non-party Bai is either information it already has in its possession (e.g. purchase and warranty information, product manuals, communications with Apple, information found on Apple's website, information included with the purchase of an iPhone 6 or 6 Plus, and documents retrieved from Apple's website), or would be "cumulative of the information that has already been provided through discovery" (e.g. customer purchase receipts and product manuals found on Apple's website). *Levinson*, 2011 WL 13237887, at *2. To the extent such information is not already in Apple's possession, it is duplicative because Apple also sought nearly identical discovery from the named Plaintiffs. *See In re Publication Paper Antitrust Litig.*, No. 04-md-1631, 2005 WL 1629633, at *2 (D. Conn. July 5, 2005) (granting motion to quash subpoenas issued to absent class members because "defendants acknowledge that they are requesting exactly the same documents and information from absent class members as from named plaintiffs" and thus could not establish "that the requested discovery is needed"); *Baldwin & Flynn v. Natl. Safety Associates*, 149 F.R.D. 598,

601 (N.D. Cal. 1993) (denying motion to compel deposition of unnamed class members "[a]ny oral representations which might be revealed in [the absent class members'] depositions would be only minor additions to the overwhelming volume of evidence" already provided through the named plaintiffs).

While Mr. Bai's damages would remain unknown absent discovery, that does not entitle Apple to this discovery because the same is true for *all* absent class members. That issue can and should be dealt with during claim administration proceedings. *See On the H. Syndication*, 203 F.R.D. at 458 (denying motion to obtain discovery from absent members because defendant's defense of set-off with respect to individual class members could be addressed through a claims administration process following a finding of liability). The subpoena must therefore be quashed. *In re Carbon Dioxide*, 155 F.R.D. at 212 (where defendants have failed to show "that they have a particularized need to obtain information not available from the class representatives," courts will "not permit general discovery from passive class members").

    **B.**    **The Court Should Quash the Subpoena Because It Imposes Undue Burden on Mr. Bai**

A court may quash a subpoena under Federal Rule of Civil Procedure 45 that amounts to an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Further, "[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents." *Northeast Women's Ctr., Inc. v. Mc Monagle,* Civ. A. No. 85–4845, 1987 WL 6665, at * 5 (E.D. Pa. Feb.10, 1987) (citing *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir.1980)). As a non-party class member entitled to greater protection from harassing discovery tactics, Mr. Bai should not be subjected to Apple's broad and intrusive discovery demands, and he should not have to undertake the burden and expense associated with appearing for a deposition in a case to which he is no longer a party, and producing documents in

response to fifteen (15) broad categories, simply because he purchased an iPhone. *Audio MPEG, Inc. v. HP Inc.*, No. 16-MC-80271-HRL, 2017 WL 950847, at *3 (N.D. Cal. Mar. 10, 2017) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

### C. Alternatively, the Court Should Quash the Subpoena or Grant a Protective Order To Limit Discovery from Mr. Bai Because the Subpoena Requests Disclosure of Privileged Documents and Mr. Bai Has Agreed to Produce Non-Privileged Documents

There is ample support for the Court to quash the subpoena, but in the alternative, Plaintiffs and Mr. Bai respectfully move the Court to enter a Protective Order limiting discovery from Mr. Bai. Federal Rule of Civil Procedure 45 directs that a court may quash a subpoena that "requires disclosure of privileged … matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Apple has made no effort whatsoever to reasonably limit its document requests to non-privileged documents[3], despite Plaintiffs' counsel requesting Apple do so. In fact, Apple's broad document demands encompass privileged documents in that communications between Mr. Bai and Plaintiffs' counsel are responsive to said demands. Given no exception applies to these documents and Mr. Bai has not waived any privilege, the Court should quash the subpoena in whole, or alternatively, or limit Apple's document demands to non-privileged documents. *See* Fed. R. Civ. P. 45; Fed. R. Civ. P. 26(c)(1) (granting courts power to limit discovery).

Further, the Court should enter a Protective Order limiting the subpoena to only the production of the following documents (all of which Mr. Bai has agreed to produce if they are in his possession):

---

[3] In fact, Apple's document demands are so overbroad that the majority seek categories of documents *in its own possession* (e.g. purchase and warranty information, product manuals, communications with Apple, and documents retrieved from Apple's website).

7

1. A receipt for the purchase of Mr. Bai's iPhone 6 Plus;
2. A receipt for any cases used on Mr. Bai's iPhone 6 Plus;
3. A receipt for and a copy of any warranty purchased for Mr. Bai's iPhone 6 Plus that is not provided by or purchased from Apple;
4. Receipts for any repairs performed on Mr. Bai's iPhone 6 Plus that were not performed by Apple;
5. Any emails with persons other than Plaintiffs' counsel or Apple regarding Mr. Bai's iPhone 6 Plus;
6. Any emails with persons other than Plaintiffs' counsel or Apple regarding repairs to Mr. Bai's iPhone 6 Plus;
7. Any website posts authored by Mr. Bai regarding his iPhone 6 Plus;
8. Any emails with persons other than Plaintiffs' counsel or Apple regarding touch responsiveness issues related to Mr. Bai's iPhone 6 Plus;
9. Any emails with persons other than Plaintiffs' counsel regarding Mr. Bai's participation in the Action.

These categories provide Apple with ample information regarding Mr. Bai's purchase of and experience with his iPhone 6 Plus. While this production is still burdensome to Mr. Bai, he has graciously agreed to this compromise if Apple will agree to forego his deposition. Although Apple is required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), it has taken no such steps[4] and refuses to entertain the reasonable compromise offered by Mr. Bai. As a result, the Court should limit the subpoena to the production of these categories of documents.

In addition, if the Court determines Mr. Bai should appear for a deposition, his deposition should be limited to a maximum of two hours and should only be conducted telephonically. *Normande v. Grippo*, No. 01-7441, 2002 WL 59427, at *2 (S.D.N.Y. Jan. 16, 2002) (finding telephone depositions are a "presumptively valid means of discovery"). Indeed, there is no

---

[4] In fact, Apple has not made any effort to comply with any rules designed to alleviate the burden on subpoenaed witnesses, such as Northern District of California Local Rule 30-1 *requiring* Apple to meet and confer regarding scheduling a deposition prior to noticing it for witnesses affiliated with a party (and as an absent member of the putative class in this litigation, Mr. Bai is a clearly affiliated non-party).

reason Mr. Bai, a non-party to this litigation, should have to incur costs or spend time travelling at all for an in-person deposition when it could be conducted telephonically.

### D. The Court Should Transfer the Instant Motion to the Northern District of California

Subsection (f) to Rule 45 authorizes "the court where compliance is required" to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Court should exercise this authority because Mr. Bai consents to the transfer, the Magistrate Judge assigned to this case is well-versed in its complex facts, procedural background, and previous discovery disputes, and this case has been closely monitored and managed since inception. Thus, this Court should transfer the instant motion.

### V. Conclusion

For the foregoing reasons, Plaintiffs and Non-Party Jun Bai respectfully request the Court transfer the instant Motion to Quash, or in the alternative, grant the Motion to Quash, or enter a Protective Order limiting discovery from Mr. Bai.

Dated: January 25, 2018  **CROSS & SIMON, LLC**
      Wilmington, Delaware

                                           */s/ Christopher P. Simon*
                                           Christopher P. Simon (No. 3697)
                                           1105 North Market Street, Suite 901
                                           Wilmington, Delaware 19801
                                           302-777-4200
                                           302-777-4224 facsimile
                                           csimon@crosslaw.com

                                                           -and-

                                           Joseph G. Sauder, Esq.*
                                           Matthew D. Schelkopf, Esq.
                                           Joseph B. Kenney, Esq.
                                           **MCCUNE WRIGHT AREVALO, LLP**
                                           555 Lancaster Avenue
                                           Berwyn, PA 19312

Telephone: (610) 200-0580
mds@mccunewright.com
jgs@mccunewright.com
jbk@mccunewright.com

Richard D. McCune, Esq.
David C. Wright, Esq.
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
rdm@mccunewright.com
dcw@mccunewright.com


Stephen G. Larson. Esq.
Robert C. O'Brien, Esq.
**LARSON O'BRIEN LLP**
555 S Flower St #4400
Los Angeles, CA  90071
Telephone: (213) 436-4888
slarson@larsonobrienlaw.com
robrien@larsonobrienlaw.com


Mitchell M. Breit, Esq.
**SIMMONS HANLY CONROY**
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6400
mbreit@simmonsfirm.com

Greg Coleman, Esq.
**GREG COLEMAN LAW**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
greg@gregcolemanlaw.com


Bruce D. Greenberg, Esq.
Susana Cruz Hodge, Esq.
**LITE DEPALMA GREENBERG LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102
Phone (973) 623-3000
bgreenberg@litedepalma.com
scruzhodge@litedepalma.com

*Attorney for Plaintiffs and Non-Party Jun Bai*

*Pro Hac Vice Applications to be submitted*