# Exhibit A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBERG, WILLIAM BON, and JASON PETTY on behalf of themselves and all others similarly situated, <br> *Plaintiff* <br> v. <br> APPLE INC., <br> *Defendant* | ) ) ) ) ) ) ) <br> Civil Action No.   5:16-cv-04942-LHK |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jun Bai, 530 Chariot Ct, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Veritext <br> 300 Delaware Ave <br> Wilmington, DE 19801 | Date and Time: | January 26, 2018; 10:00 a.m. |
|---|---|---|---|

The deposition will be recorded by this method:   Stenographically and video recording

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Documents listed in Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/5/2018

*CLERK OF COURT*

OR

_____            *s/ Arturo J. Gonzalez*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:
Arturo J. González, Tiffany Cheung, Christopher Robinson, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105, agonzalez@mofo.com, tcheung@mofo.com, crobinson@mofo.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| 1 | ARTURO J. GONZÁLEZ (SBN 121490) |
| | AGonzalez@mofo.com |
| 2 | PENELOPE A. PREOVOLOS (SBN 87607) |
| | PPreovolos@mofo.com |
| 3 | TIFFANY CHEUNG (SBN 211497) |
| | TCheung@mofo.com |
| 4 | ALEXIS A. AMEZCUA (SBN 247507) |
| | AAmezcua@mofo.com |
| 5 | CHRISTOPHER L. ROBINSON (SBN 260778) |
| | ChristopherRobinson@mofo.com |
| 6 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 7 | San Francisco, California  94105-2482 |
| | Telephone:    (415) 268-7000 |
| 8 | Facsimile:    (415) 268-7522 |
| 9 | ANNE M. CAPPELLA (SBN 181402) |
| | anne.cappella@weil.com |
| 10 | WEIL, GOTSHAL & MANGES LLP |
| | 201 Redwood Shores Parkway |
| 11 | Redwood Shores, CA  94065 |
| | Telephone:    (650) 802-3000 |
| 12 | Facsimile:    (650) 802-3100 |
| 13 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS DAVIDSON, TODD CLEARY, ERIC SIEGAL, MICHAEL PAJARO, JOHN BORZYMOWSKI, BROOKE CORBETT, TAYLOR BROWN, JUSTIN BAUER, HEIRLOOM ESTATE SERVICES, INC., KATHLEEN BAKER, MATT MUILENBURG, WILLIAM BON, and JASON PETTY, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 5:16-cv-04942-LHK<br><br>**ATTACHMENT A TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** |

# ATTACHMENT A: DOCUMENTS REQUESTED AT DEPOSITION

## **DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "APPLE" means Apple Inc. and its present or former employees or representatives.

2. "APPLECARE+" means the AppleCare+ service plan for the iPhone 6 and iPhone 6 Plus.

3. "COMMUNICATION(S)" refers to any means of transmitting information including, without limitation, oral conversations, telephone calls, letters, facsimile transmissions, electronic mail transmissions (e-mails), internet postings (whether on public or private web-pages, bulletin boards, chat rooms, newsgroups, etc.), flyers, handbills, petitions, promotional or marketing materials, tape recordings, voicemails, or sound files.

4. "DOCUMENT(S)" has the meaning under Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and is consistent with the terms "writings," "recordings," or "photographs" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation includes tangible things and electronically stored information, including e-mail and information stored on a computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

5. "IPHONE 6" means any iPhone 6 that YOU purchased, registered in YOUR name, or for which YOU were the primary user.

6. "IPHONE 6 PLUS" means any iPhone 6 Plus that YOU purchased, registered in YOUR name, or for which YOU were the primary user.

7. "YOU" or "YOUR" shall mean Jun Bai, and including but not limited to any of his or her agents, representatives, attorneys, employees, or accountants.

8. The terms "referring or relating to," "referring to," "regarding," "relating to" or "refer or relate to" means: comprising, responding to, concerning, involving, commenting on, in respect of, about, discussing, mentioning, evidencing, showing, describing, reflecting, analyzing, constituting, supporting, negating, identifying, and/or stating.

9. "And" includes "or" and vice versa.

10. The past tense includes the present tense and vice versa.

11. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

12. Any reference to a singular noun or pronoun implicitly refers to and includes the plural noun or pronoun unless otherwise specified, and vice versa.

**INSTRUCTIONS**

1. These Requests apply to all documents in YOUR possession, custody, or control, regardless of the location of the document, and include all drafts or copies of such document that differ in any respect from the original, whether because of handwritten notations or otherwise. These Requests apply to all documents in YOUR possession, custody, or control, including information in the possession, custody, or control of their representatives, agents, employees, attorneys, or accountants. These Requests include electronically stored information, including but not limited to e-mail accounts, portable storage media, and cloud storage services.

2. Any document responsive to any request for production listed below should be provided in its entirety, including all attachments and enclosures. Documents that are in file folders or enclosures should be produced in such form. If copies are made of documents with notes attached on the front or back via adhesive or the like, please produce such documents both with and without the attached adhesive notes.

3. All information or devices needed to access the data contained in any tangible thing responsive to any request for inspection listed below should be provided. This includes, but is not limited to, any passwords or physical keys used to secure the tangible thing.

4. Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, YOUR obligation in response to each of the following Requests is a continuing one. If subsequent to serving a response to any such Request YOUR obtain, or become aware of, any further information pertaining to such Request, YOU are hereby requested to serve upon Apple's attorneys supplemental responses setting forth such additional information.

5. The relevant time period for each Request begins September 2014 and continues through the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS showing, reflecting, or relating to the purchase of YOUR IPHONE 6 or IPHONE 6 PLUS, including but not limited to an APPLE sales receipt, APPLE proof of registration, credit card receipt, or credit card statement.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS showing, reflecting, or relating to the purchase of any accessory, including but not limited to covers or cases, for use with YOUR IPHONE 6 or IPHONE 6 PLUS, including but not limited to an APPLE sales receipt, credit card receipt, or credit card statement.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS showing, reflecting, or relating to any extended warranty or service plan, including APPLECARE+, that covered or covers YOUR IPHONE 6 or IPHONE 6 PLUS, including but not limited to an APPLE sales receipt, APPLE proof of coverage, credit card receipt, or credit card statement.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that YOU received with the purchase of YOUR IPHONE 6 or IPHONE 6 PLUS, including all warranty documents and product inserts included in the box of YOUR IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 5:**

All product manuals relating to YOUR IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting or related to YOUR COMMUNICATIONS with APPLE regarding YOUR IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting or related to YOUR COMMUNICATIONS with APPLE regarding any repair, complaint, question, concern, or issue related to YOUR IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS showing, reflecting, or relating to any repairs for YOUR IPHONE 6 or IPHONE 6 PLUS, including but not limited to a sales receipt, credit card receipt, or credit card statement.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting or related to YOUR COMMUNICATIONS with any repair service providers that YOU asked for repair work on, or from whom YOU received repair work on, YOUR IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS YOU accessed on any APPLE website relating to the IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 11:**

All website postings that YOU created discussing the IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, including any website postings created by APPLE or a third party, that YOU reviewed regarding multitouch and/or flickering display issues in connection with the IPHONE 6 or IPHONE 6 PLUS.

**REQUEST FOR PRODUCTION NO. 13:**

Any APPLE keynote addresses, press releases, advertisements, commercials, product descriptions, or other APPLE DOCUMENTS or statements that YOU have reviewed.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting or related to YOUR COMMUNICATIONS with any person regarding any damage YOUR IPHONE 6 or IPHONE 6 PLUS experienced over its lifetime.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting or related to YOUR COMMUNICATIONS with any person regarding the multitouch and/or flickering display issue(s) YOU allege in the Class Action Complaint filed on August 27, 2016 in *Davidson, et al. v. Apple Inc.*, No. 5:16-cv-04942-LHK.

Dated: January 5, 2018               MORRISON & FOERSTER LLP

By: /s/ *Arturo J. González*
ARTURO J. GONZÁLEZ

Attorneys for Defendant
APPLE INC.